JEREMIAH J. SUTTON, plaintiff in error, *vs.* ISAAC M. AIKEN, trustee, defendant in error.

In ejectment brought upon a legal title, plaintiff cannot prove and recover on an equitable title. If the latter title be relied on, it must be set forth in the pleadings.

Ejectment. Title. Evidence. Before Judge TOMPKINS. McIntosh Superior Court. November Term, 1875.

The following, taken in connection with the decision, sufficiently reports this case:

Defendant moved for a new trial on the following, among other grounds:

Because the court allowed the plaintiff to introduce evidence as follows: The premises in dispute belonged to plaintiff's wife—were bought with her money. There was an execution, issued from the United States court, against plaintiff individually; one Epping agreed to advance the money necessary to satisfy it, and take a deed to the property, as security; when this was presented to Mrs. Aiken for her signature, she refused to sign it, and only did so as a collateral security, after representation from Epping's counsel that it was necessary, in order to carry out the agreement between her husband and said Epping, and that the property should be so represented to the latter that he would hold it in reserve for her. Plaintiff served upon defendant written notice protesting against the sale by Epping to him.

The motion was overruled and defendant excepted.

MELDRIM & ADAMS; L. E. B. DeLORME; JACKSON, LAWTON & BASINGER, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendant to recover the possession of certain

Sutton *vs.* Aiken.

described land therein mentioned. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record that the plaintiff introduced a deed from Rhett, dated 2d November, 1868, conveying the premises in dispute to him, as trustee of Fannie M. Aiken, to have and to hold the same for her, the said Fannie M., her heirs and assigns, forever. The plaintiff also offered in evidence a deed executed by himself, as trustee for the said Fannie M., and the said Fannie M., dated 13th of June, 1870, conveying the premises in dispute to Carl Epping for the consideration of $1,629 00. The defendant, Sutton, claimed the premises under a deed made by Epping to him therefor, dated 5th of June, 1873. The plaintiff sought to prove, on the trial of the ejectment suit, that Fannie M. Aiken, his *cestui que trust,* was his wife, that it was her money that paid for the land, and therefore she was equitably entitled to recover it from the defendant. It will be noted that the plaintiff seeks to recover the possession of the land upon his legal title alone; that there are no allegations in his declaration of the equitable rights of his *cestui que trust,* which he sought to prove at the trial, which would have authorized the introduction of evidence in relation thereto. In other words, the plaintiff's declaration sets forth a legal cause of action alone, and at the trial he sought to introduce evidence of equitable grounds of relief, without any averments in his declaration to authorize him to do so. In *Jones vs. Parker,* 55 *Georgia Reports,* 12, this court held that a court of law has no more power to administer equitable remedies without equitable rights are alleged, than has a court of equity. If the plaintiff, or his *cestui que trust,* is entitle to any equitable relief in relation to the property sued for, let him distinctly allege it in his declaration so as to put the defendant upon notice as to what that equity is, that he may be prepared to meet it. Good pleading, either in a court of law or in a court

of equity, is a logical statement of the facts upon the record, and no case ought to be tried until that is done, so that the records of the courts may show what issues have been tried and decided. In view of the pleadings in this case and the proceedings had thereon at the trial, as disclosed in the record, the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.